Bradley, J.
On the 4th day of November, 1884, the plaintiff, while walking down a stairway in a building known as Baker’s Block, in the city of Rochester, and owned by the defendant, fell and received the injury complained of. She had shortly before gone up the stairs to the law office of Mr. Amsden in the third story, and it was on her way down the first or upper flight of stairs, about eleven o’clock in the forenoon, that she fell on to the landing between the two flights leading from the second to the third story. Each stairway has eight steps, and the landing between them is about nine by seven and a half feet, and the stairs are of suitable width, and in all respects properly constructed with banisters at their sides. The only difficulty complained of is that they were not sufficiently lighted. And in the want of light consists the alleged negligence of the defendant.
The natural light furnished to the upper flight of these stairs was evidently not very abundant at any time. There was a window at the east end of a hall leading to the top of the stairs which gave some light there, and some escaped through the glass of the doors of the offices, and through the transoms over them into the hall of this third floor. There was also a pendant gas jet near the head of the stairway.
This was a cloudy, dark day, and the gas jet was not lighted. It was used to light the passage nights, and it was not usual to have it lighted during the day, although it had been occasionally lighted in the daytime by somebody. The plaintiff says that she could hardly see; that it was dark there; that she took hold the banister; that she did not “trip or anything;” that she could not see where to put her foot, and fell.
The structure was in the same condition it had been for twenty years, and the rooms on the third floor weie situated, so far as appears, as they had been during-that ' time. The occupants were tenants of the defendant, and *836 it was his duty to exercise reasonable care in maintaining in suitable order and condition the stair and passage ways to the rooms occupied by the tenants, with a view to their safety, and that of others going to and from their rooms and offices. _
_ If this injury of the plaintiff is attributable solely to his want of care or negligence in that respect, she is entitled to recover. Henkel v. Murr, 31 Hun, 28.
And if there was any evidence tending to prove, or from which it might be legitimately inferred, that the injury was occasioned by the negligence of the defendant, the plaintiff should not have been non-suited. Totten v. Phipps, 52 N. Y., 354.
The structure and condition of the stairway, stairs and landing where the plaintiff fell were without fault. There was no difficulty in passing down them except that which the want of light produced. The defendant had not caused this by any changed condition. The clouds had dimmed the penetrating light. This did not relate to the structural means he had provided for passage to and from the third story of his building, but was an annoyance incident to the use, arising wholly from the limited supply of natural light at the place where the stairway was located.
It had been so for twenty years, and the use of the_ passage had in like manner been subject to the inconvenience from such cause on cloudy days.
The situation was no different than it appeared, and there was no want of uniformity in the steps of the stairs, or in the spaces between them, so far as appears. The fact that it was dark there on certain occasions, for the cause before mentioned, was the fault of the original plan of construction of the building, and the location of the stairway in it, and not the result of any negligence of the defendant in subsequently impairing its safety or usefulness. His duty was to keep them in repair, and having done that there was no occasion to charge him with the consequences which might result in their use from other causes.
The difficulty, such as it was, was apparent to the parties passing there. Toomey v. L. B. and S. C. R’y Co., 3 C. B. N. S., 146; Crafter v. Metropolitan R’y Co., 1 L. R. C. P., 300; Crocheron v. N. S. S. I. F. Co., 56 N. Y., 656; Loftus v. U. F. Co., 22 Hun, 33.
Nothing appears to justify the inference that the defendant was required to place a light there, or to have the gas jet lighted at the time in question. It was evidently placed near the head of the stairs for the convenience of the occupants of the third story. It does not appear who was in the habit of lighting it, but it may fairly be assumed that they could do it when occasion required.
*837 We see no support for the action upon the evidence.
The view taken of the case renders it unnecessary to consider the exception taken to the exclusion of evidence, as that rejected had no relation to the main question which the right to maintain the question depended.
The judgment should be affirmed.
Smith, P. J., and Haight, J., concur; Barker, J., not voting. _